Rapelye
v.
Mackie.

RAPELYE and SMITH, survivors of Lawrence, *against* MACKIE and others.

The plaintiffs, having cotton at three stores, in *Brooklyn*, 69 bales marked *G. G. & Co.* at the store of *B.*, and 30 of the same mark, at the store of *M. & W.*, sold 66 bales marked *G. G. & Co.* to the defendants, delivering them a *pro forma* bill of parcels thus : " 66 bales, say 19,800 lbs.— $12 per cwt.– 1 per cent off;" the defendants paying at the time, $1800, in part for the whole. Then the cotton in *M. & W's* store, was destroyed by fire, and the defendants demanded of the plaintiffs an order for the 66 bales, which was refused ; but the plaintiffs gave an order for 36 bales. These were then weighed by the plaintiffs ; and another bill of parcels delivered to the defendants, including the 36 bales, according to the weigh master's bill ; and the 30 bales at a certain weight each, with the remark, " deduct, for supposed loss 150." The 36 bales were delivered at the time of weighing.

*Held,* that the property of the 30 bales did not vest in the defendants ; and that, therefore, the plaintiffs could not recover the price.

The 30 bales not being identified in the contract, and specifically sold, the contract might have been satisfied by a delivery of 30 bales with the mark mentioned, from any other place beside *Brooklyn ;* or if the contract related to *Brooklyn,* then out of any other store there, beside *M. & W's ;* or if the contract had been to sell the 30 bales at *M. & W's ;* yet, they, not being weighed, did not pass.

When something remains yet to be done, as between buyer and seller, or for the purpose of ascertaining either the quantity or price of the article sold, there is no delivery ; and the property does not pass, though the price be in part paid.

And so, if there be a part delivery, the other part not yet ascertained, will not pass.

And there need not be an express agreement that something farther shall be done. It is enough that it appear, from the circumstances of the case, to be necessary.

ASSUMPSIT for goods sold and delivered, and goods bargained and sold, tried at an adjourned circuit in the city and county of *New-York, January 30th,* 1824, before EDWARDS, C. Judge ; when the jury found a verdict for the plaintiffs, for 471 dollars 90 cents, being the price, with interest, of 66 bales of cotton, (after deducting $1800 paid by the defendants,) which the plaintiffs claimed on the trial to have sold and delivered to the defendants.

The facts proved at the trial are sufficiently stated in the opinion of the court.

*J. Duer,* for the defendants, moved for a new trial. He made the following points, and cited the authorities which follow, in support of them :

1. Where goods sold are parcel of a larger quantity, the property does not vest absolutely in the vendee, so long as there is no selection or designation of the part sold, or separation of it from the part unsold. (2 *John. Rep.* 16. 14 *id.* 167. 7 *East,* 558. *Shep. Touch.* 224. *Long on Sales,* 149.)

2. Where any act of the seller, such as counting, weighing, &c. remains to be done, to ascertain the exact quantity sold, the property does not vest absolutely in the

vendee ; but until such act is done, remains at the risk of the vendor. (2 *H. Bl.* 123. *Bull. N. P.* 50. 12 *John. Rep.* 165. 13 *id.* 53. *Long on Sales*, 154 *to* 157. 5 *Taunt.* 617. 2 *M. & S.* 397. 15 *John. Rep.* 349. 2 *Campb.* 240. *Ross on Vendors and Purchasers*, 28.)

3. In the present case, there was neither an actual nor constructive delivery to the defendants, of the 30 bales of cotton that were burnt in the store of *Merry* and *Waite.* (2 *N. R.* 61.)

4. That the payment of part of the price, does not, of itself, alter the property in the thing sold ; but only binds the bargain. (2 *Bl. Com.* 448.)

*G. Griffin,* contra, insisted on the following points, (among others,) and cited the authorities which follow, in support of them :

1. There was a complete sale by the plaintiffs to the defendants, on or before the 21*st* of *August,* 1822, of the 30 bales of cotton consumed by fire in the store of *Merry* and *Waite.* (11 *East,* 211. *id.* 219, *per Bayley, J. id.* 210. 2 *H. Bl.* 504. 4 *B. & P.* 69. 6 *East,* 614. 14 *id.* 614. 4 *Campb.* 237. 13 *East,* 522. 4 *Taunt.* 644. 5 *id.* 176. *id.* 617. 2 *M. & S.* 397. 7 *East,* 558. 1 *Pickering,* 476. *Noy's Max.* 88. 2 *Bl. Com.* 448.)

2. The contract of sale was entire ; and by accepting the two parcels that remained, after the fire, the defendants recognized and ratified the contract *in toto.*

*Curia, per* WOODWORTH, J. On the 21*st* of *August,* 1822, the plaintiffs sold to the defendants 66 bales of cotton, marked *G. G. & Co.* As evidence of the sale, the bill of parcels delivered to the defendants was produced, on which the charge is made thus : " 66 bales, say 19,800 lbs. $12 per hundred, $2376, 1 per cent. off." The defendants paid, at the time, $1800.

The plaintiffs' cotton was in three stores at *Brooklyn ;* one kept by *Van Bokkelen,* another by *Caze & Richaud,* and the third by *Merry & Waite.* There were 69 bales, of the mark sold, in the store of *Van Bokkelen,* and 30 bales in the store of *Merry & Waite.* A night or two

after the delivery of the bill of parcels, the 30 bales were burnt. They had been weighed about the 16*th* or 17*th* of *July.* No order for delivery was given. The bill was a *pro forma* bill; the weight not being precisely ascertained. The plaintiffs' witness testified that he presumed the word, "say," denoted that the estimate was made from the invoices; that had the weight been actually ascertained, and the cotton delivered, the deduction of 1 *per cent.* would have been carried out on the bill of parcels.

On the 5*th* of *September*, another bill was delivered to the defendants, charging the 36 bales according to the weigh master's bill, which was produced. The 30 bales were inserted at a certain weight each, with a remark, " deduct for supposed loss, 150." The 36 bales were weighed at the request of the plaintiffs, as the witness supposed, at the time of delivery to the defendants, and subsequent to the fire : and if the sale had been made by the original invoice, the cotton would not have been re-weighed, according to the usual course of business. After the fire, the defendants called for an order for 66 bales, which was refused; but an order for 36 was given.

On this statement, I am of opinion the plaintiffs are not entitled to recover for more than 36 bales.

The ground upon which the defence rests is, that, as to the 30 bales, burnt in the store of *Merry & Waite*, there never was a delivery. This is apparent from the fact, that there was no proof as to the identity of this parcel. It would have been competent for the plaintiffs to deliver the number of bales sold, from any parcel, whether stored at *Brooklyn*, or in the city of *New-York;* and such a delivery would have satisfied the contract. The bill of parcels is general. There is no specification of the particular bales, or the place where stored. A number of bales containing the quantity, is all that appears to have been required. The defendants could not insist on receiving the specific quantity at *Merry & Waite's;* and unless they had this right, I do not perceive on what ground they are to be subjected to the loss. The principle would render them liable for property which the plaintiffs might or might not

have elected to deliver, in satisfaction of the purchase. The case presented, is one where a smaller parcel is sold out of a larger, without any designation. Had there been, it may be presumed the plaintiffs would have produced proof of it. The broker who made the contract was in court, and not called.

But if it be admitted that the purchase was of cotton stored at *Brooklyn*, the only specification is, that the bales were marked "*G. G. & Co.*" No reference is had to *Merry & Waite's* store in particular. At that very time the plaintiffs had 69 bales of this description at *Van Bokkelen's.* Will it be pretended that a delivery of 66 bales of this parcel, would not have satisfied the purchase? If it would, then it may be asked, where is the proof that the defendants had acquired an absolute right to the 30 bales burnt?

There is another conclusive objection against a recovery. The cotton was to be weighed, before the delivery was complete. It is not necessary there should appear an express agreement was made to that effect. The first bill of parcels was well described by the plaintiffs' clerk, as a *pro forma* bill. It was conjectural as to the quantity. The one *per cent.* was not carried out for that reason. The subsequent act of weighing was indispensable, unless the defendants had agreed to accept the cotton according to the estimate made. The plaintiffs must have so considered it. It was re-weighed at their request. Then, for the first time, the one *per cent.* was deducted. It was then ascertained that the quantity was less than originally calculated. These facts show very satisfactorily, that the delivery was not complete when the 30 bales were burnt. Indeed, it is difficult to conceive upon what principle the seller could consider that there was a delivery, when it was not ascertained how much was sold, or the amount to be received. The principle that runs through all the cases is, that when something remains to be done, as between buyer and seller, or for the purpose of ascertaining either the quantity or price, there is no delivery. Whether the

UTICA,
Aug. 1826.

question arises where the property is destroyed, or where the right of stopping *in transitu* is drawn in question, cannot make a difference.   If a delivery has been made, the goods are at the risk of the purchaser; and the seller's right of stopping *in transitu*, ceases.

The delivery of the 36 bales after the fire, was not a recognition of the right to claim for the residue.   The defendants demanded, and were entitled to 66 bales.   The acceptance of a part is in exoneration of the plaintiffs, *pro tanto* ;  leaving the question, respecting the residue, as it was before that delivery.

The following authorities will be found to support the doctrine upon which we rest the decision of this cause :
15 *John.* 349 ;  6 *East*, 614;  11 *East*, 210;  12 *East*, 614 ; 13 *East*, 522 ;  2 *M. & S.* 397 ;  4 *Campb.* 237.

There must be a new trial, with costs to abide the event.

New trial granted.