Field v. Moore.

### FIELD vs. MOORE.

In an action on a contract, reading "Bo't of·H. Moore 1000 flour barrels," and by which the vendor agrees to deliver them at any time, prior to a certain period, in good order, to the vendee, the one thousand barrels being a part of a larger number, and the price agreed upon having been paid ; *held,* that the contract gave no present title or property to the vendee, until the particular barrels had been ascertained and identified, and delivered to the purchaser.

Such a contract is not a sale, but a special agreement to be executed *in futuro.*

The case of *Whitehaven v. Cross* (12 East, 614), overruled.

The case of *Downer* v. *Thompson* (6 Hill, 208), commented upon and explained.

ACTION of assumpsit for the non delivery of one thousand flour barrels, tried January, 1844, in the mayor's court of the city of Rochester. ˙It appeared on the trial, that the defendant carried on the business of coopering, by her two sons, William H. and Samuel D. Moore, and had done so up to 1843, and for a year or more previous, and in prosecuting her business had leased the Wordsworth warehouse, situated in the city of Rochester. A contract was given in evidence, of which the following is a˙copy.

"Joseph·Field                 "Rochester, April 1, 1843.·
Bo't of H. Moore 1000 flour barrels at 22 c........$220.00.

The above barrels are now in the Wordsworth warehouse (so called) in this city and are of as good quality as any barrels have sold said Field this season, and I am to deliver said barrels at his mill, any time when so requested, between this date and the fifteenth day of November next free from all charges, and in good order, except the fire insurance af-

ter the 27th day of July next to the time of delivery at his mill, subject to his order at all times.

Rec'd payment   H. MOORE,<br>by Moore."

It further appeared, that previously to making this contract the plaintiff, in company with the sons of the defendant, examined the barrels in the warehouse, and found there some two or three different kinds of barrels, and one pile of about 2000 at the South end of the warehouse, of the description which he desired, that he signified to one of the sons, who acted as agent for the defendant, that he would take 1000 barrels from the pile in the south end of the warehouse, that said number of barrels was never counted out, and that the warehouse and barrels, except a load or two delivered to plaintiff, were burned in October, 1843.

The recorder charged the jury that, viewing the contract apart from any parol evidence, it would by its terms pass the title to and property in the barrels to the plaintiff, and the title to and property in the barrels having thus passed, and they having been destroyed by fire, the plaintiff could not recover their value in this action. That, as to whether the property was so designated that the title would pass, two questions of fact were to be considered, 1. Whether there were one thousand flour barrels in the warehouse, of the description purchased by plaintiff? 2. Were the barrels sold to the plaintiff to be taken from those at the south end of the warehouse? And the recorder further charged that in his opinion it was not necessary in order to pass the title, that the particular barrels should have been counted out or separated from the mass. The counsel for the plaintiff excepted to the charge of the recorder. Verdict for defendant. Plaintiff moves for a new trial on a bill of exceptions

*S. M. Newton & Hastings,* for plaintiff, cited *Davis* v. *Hill,* 3 N. H. Rep., 382; Hilliard on Sales, p. 121; *Downer* v. *Thompson,* 2 Hill, 138; *Merritt* v. *Hunervill,* 13 Pick., 213; *Young* v. *Austin,* 6 id., 280; Long on Sales, ed. of 1839, p. 272.

Field v. Moore.

*Haight & Chase,* for defendant, cited *Lanning* v. *Turner,* 2 Johns., 13; *Lamprie* v. *Sumner,* 17 Mass., 110; *Lamprie* v. *Pasley,* 2 T. R., 485; Biglow's Dig., 687; *Rapelyie* v. *Mackie,* 6 Cow., 253; *Rigg* v. *Minott,* 11 East, 217; *Jackson* v. *Anderson,* 4 Taunt., 24; *Whitehouse* v. *Frost,* 12 East, 614; *Damon* v. *Osborn,* 1 Pick., 476.

*By the Court,* BEARDSLEY, J. When the written contract was entered into and the purchase money paid, the defendant, Moore, had several thousands of barrels in the Wordsworth warehouse. These barrels were of different descriptions and placed in different parts of the building. There was no particular pile or parcel of one thousand barrels in the warehouse, nor were any particular barrels delivered or selected, as those mentioned in the contract. About two thousand barrels were piled across the south end of the building, which were all substantially alike, and from which, it was stated, the one thousand should be taken.

As the contract was not performed, and all the barrels in the warehouse were burnt, the question to be determined is whether their destruction is a legal excuse to the defendant for not delivering a thousand barrels when demanded. And this depends upon another question which, is, whether the right of property in one thousand of the barrels then in the warehouse passed to the plaintiff by the contract and payment of the stipulated price? for, if it did, the loss was his and he can not recover.

I am clearly of opinion that no title to any barrels passed under this contract, and that for several reasons.

1. Identity in the subject of a sale is indispensable. A sale is an executed contract by which the right of property is transfered from the seller to the buyer. (2 Bl. Com., 446; Ross on Pur. and Vend., 1; Long on Sales, 1.) The thing sold must therefore be specific, ascertained and identified. (Long on Sales, 3; *White* v. *Wilks,* 5 Taunt., 176; *Dixon* v. *Yates,* 5 B. & Adol., 313, per *Parke, J.; Rapelye* v. *Mackie,* 6 Cow., 250; *Davis* v. *Hill,* 3 N. Hamp. R., 382; *Merritt* v. *Hunervill,* 13 Pick., 213; 2 Kent's Com., 468, 5th ed.)

Where the thing agreed to be sold is not thus ascertained

Field v. Moore.

and identified, but is thereafter to be selected and delivered, there is not, strictly speaking, a sale, but a special agreement to be executed *in futuro*. Such a contract conveys no present title or property to the one who agrees to purchase; his whole right is in action. (2 Kent, 468; *McDonald* v. *Hewett*, 15 Johns., 349; *Brewer* v. *Smith*, 3 Greenleaf, 44; *Davis* v. *Hill*, supra; *Mucklow* v. *Mangler*, 1 Taunt., 318; *Downer* v. *Thompson*, 2 Hill, 137.)

The case of *Whitehouse* v. *Frost* (12 East, 614) is certainly in conflict with these principles. In that case A., having forty tons of oil in a cistern, sold ten tons to B. and received his pay. B. sold the ten tons to C. and gave him a written order on A. to deliver the oil, who wrote his acceptance on the order. The ten tons were not drawn off but continued in the cistern with the remaining thirty tons, until C. became a bankrupt. It was held that this was a complete sale, so that the assignees of C. might maintain trover for the ten tons of oil. This case, however, has been directly overruled, and is wholly irreconcilable with the current of authorities. (Long on Sales, 155 to 159; *White* v. *Wilks*, 5 Taunt., 176; *Shepley* v. *Davis*, ib., 617; *Austin* v. *Craven*, 4 id., 644; *Busk* v. *Davis*, 2 M. & S., 397; *Rhode* v. *Thwaites*, 6 B. & Cres., 388; Ross on Pur. & Vend., 35, 74; *Young* v. *Austin*, 6 Pick., 280.)

In the present case the contract did not apply to any particular one thousand barrels, but was an agreement to sell that number out of a larger number then in the defendant's warehouse. No title to any barrels passed to the plaintiff; his right was in action, and was in no degree affected by the destruction of the barrels in the warehouse.

2. But if this had been an agreement for a particular and selected parcel of barrels, it still would have been executory in its character, and would not have transfered a present right of property to the plaintiff. The principle is settled that where any thing remains "to be done on the part of seller, as between him and the buyer, before the commodity purchased is to be delivered, a complete present right of property has not attached in the buyer." (*Hanson* v. *Meyer*, 6 East, 626; Long on Sales, 154; *Tarling* v. *Baxter*, 6 B. &

Cres., 360; *Davis* v. *Hill,* supra; *Simmons* v. *Swift,* 5 B. & Cres., 857; *Outwater* v. *Dodge,* 7 Cow., 85; *Wallace* v. *Breeds,* 13 East, 522; *Bush* v. *Davis,* 2 Maule & S., 396; *Shepley* v. *Davis,* supra; *Downer* v. *Thompson,* supra.

The last case refered to (*Downer* v. *Thompson*) was reversed by the court of errors (6 Hill, 208), but on a ground which leaves the principle on which it was determined in this court untouched. Having been of counsel for the defendant in that case at the circuit and in this court, I may add that the point on which the judgment appears to have been reversed was not raised before the circuit judge or on the argument here. I would not be understood to suggest that the question could not be made on the record, although it had escaped the attention of counsel until started in the court of errors.

By the contract in the case to be determined, it was agreed that the barrels should be delivered by the seller, at the mill of the purchaser, in good order, at any time, when requested, between the date of the contract and the fifteenth day of November then next. They were therefore to be conveyed to the mill and, if need be, repaired, so as to be in good order when delivered, and as these acts were to be done by the seller, it is quite plain that the parties intended title should not pass to the purchaser, until the barrels were so delivered.

But this is not all which the contract contains to indicate that intention. The barrels were to be delivered free from all charges " except the fire insurance after the 27th day of July " (then) " next to the time of delivery." Such charges, it is to be infered, the purchaser was to pay to the seller. The latter therefore was to effect the insurance, which would be done as owner, the absolute right of property remaining in her.

The charge of the recorder was erroneous, and the judgment should be reversed.

Judgment reversed.