By the Court. Slosson, J.
The contract of sale between Toll & McArdle and the plaintiff of the wool in question was executory merely, and an absolute right to the possession of the property was not by it transferred to the plaintiff. That this was the true character of the agreement is manifest from *233 several of its provisions. The delivery of the wool was to take place in the city of Mew York, on the arrival of the goods, and the price was then to be paid. The wool after its arrival was to be weighed for the purpose of determining the amount of the price. Moreover, the quantity sold could not be ascertained until the arrival of the plaintiff in Mew York, for if, in presenting the order for its delivery to the defendants, any of it should appear to have been sold by them, the sale to the plaintiff was to be reduced to the balance which might remain unsold. All these were things to be done and ascertained before the right to the property became perfect in the plaintiff, and are made, in express terms, conditions of the contract. That the parties perfectly understood that an actual delivery in Mew York might not be possible, and that the whole transaction was contingent in its character, is further manifest from the fact of their expressly providing for the event of a non-delivery, in which event the defendants covenant to forfeit and pay to the plaintiff the sum of $250, besides refunding to him what he had paid on account of the price agreed upon and interest. Were there no other ground of defence, we do not see how the plaintiff can, under such an agreement, and by virtue of it only, none of its conditions being complied with, be said to have acquired such a right to the possession of, or such a title to, or property in the wool in question, as will enable him to maintain this suit. (Rapelye v. Mackie, 6 Cow. 250; McDonald v. Hewett, 15 J. R. 349; Russell v. Nicoll, 3 Wend. 112.)
But we are clear that the defence must prevail on another ground. The defendants having, under the agreement between themselves and Toll & McArdle, of April, 1850, made advances to that firm, and the wool in question having been actually shipped to them, as we must intend, in pursuance of that agreement, acquired a vested interest in the property from the moment of its shipment, which the subsequent sale to the plaintiff could not divest. It was a part of the understanding upon which the advances were to be made by the defendants, that Toll & McArdle were to ship goods enough to balance not only what was due from them to the defendants at that time (April, 1850) on account of their previous transactions, and *234 what was falling due at that date, but for all claims that might subsequently accrue, and thus balance the accounts; in other words, goods were to be shipped to cover the entire advances and claims of defendants, accrued, accruing, and to accrue, and until this was accomplished every shipment to them by Toll & McArdle, not specially restricted or qualified, was a shipment, in effect, to meet their debt to the defendants, and the title became perfect in the latter, as qualified vendees, from the moment the goods were put in the hands of the forwarders. The Referee has found that at the date of the sale to plaintiff (21st June), and up to the commencement of this suit, the balance due defendants from Toll & McArdle was about $9,000. The tender, therefore, by the plaintiff of $6,300 was not énough; indeed, it was expressly made to exclude the previous indebtedness of Toll & McArdle, and was intended to cover only such advances, charges, and lien as defendants might have, or claim, in respect to the wool itself.
Whether the defendants could have retained the wool, by virtue of their general lien as factors or commission merchants, it is not necessary to decide. It is enough that their right to retain the property was perfect under the agreement of April, 1850.
The refusal of defendants to make further acceptances for Toll & McArdle, after 15th June, and their allowing one of their drafts for $2,000 to return protested, does not alter the legal rights which they had acquired under the agreement of April, by virtue of their advances previous to that date, and which amounted to nearly $6,000. The amount of acceptances, under which they were to come, had not been determined by the agreement of April, and it was necessarily a matter of discretion with defendants; they were not bound, in the absence of an agreement to that effect, to accept indefinitely as to amount, and without respect to the amount of the accruing shipments to meet their acceptances. It is enough that they agreed to accept, and did accept to a large amount, to give them an absolute right in, and right to retain, the goods shipped to them by Toll & McArdle, until the whole amount due them was paid. (Grosvenor v. Phillipps, 2 Hill, 147.)
The claim for the balance due to Toll & McArdle, now in *235 the hands of the defendants, is manifestly groundless, since it appears, from the report of-the Eeferee, that this balance is from the proceeds of goods subsequently sold, not of those claimed by the plaintiff. Had it been otherwise, the balance could not have been recovered in this action, which turns solely upon the question of a wrongful conversion.
The judgment entered upon the report of the Referee must be affirmed with costs.